

**U.S. Department of Justice**

United States Attorney

*District of Columbia*

---

Judiciary Center
555 Fourth St. N.W.
Washington, D.C. 20001

July 27, 2005

**FILED**

**AUG 2 9 2005**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Law Offices of Jenifer Wicks
The Webster Building
503 D Street NW, Suite 250A
Washington, DC 20001
Telephone (202) 326-7100
Facsimile (202) 478-0867
Email: JWicksLaw@aol.com

Re: <u>**United States v. Reginald Russell**</u>, Mag. No. 05-0316m
CR 05-272

Dear Ms. Wicks:

This letter states the "Rule 11(c)(1)(C)" plea agreement between your client, Reginald Russell, and the United States of America (also called "the Government" or "this Office" in this letter), which both parties have accepted in principle. When you indicated that your client had accepted this offer, you authorised this office to file a criminal information charging defendant with the crime to which he will plead guilty, unlawful possession of 50 grams or more of crack cocaine base, in violation of 21 U.S.C. Sections 841(a)(1) & 841(b)(1)(A)(iii). This matter is scheduled before the Honorable Debra Robinson, U.S. Magistrate Judge, on Wednesday, July 27, 2005.

<u>Defendant Russell's Obligations, Acknowledgments, and Waivers:</u>

1(a). Your client, Reginald Russell, agrees to admit [with intent to distribute] his guilt and enter a plea of guilty to the sole count in the criminal information, which we filed with your authorization. It charges defendant with the crime of unlawful possession of 50 grams or more of crack cocaine base, in violation of 21 U.S.C. Sections 841(a)(1) & 841(b)(1)(B)(iii). This is a Class A felony under 18 U.S.C. Section 3559(a)(1). Your client understands conviction of this crime carries these maximum penalties:

Rev. 1/18/05 daj

(A) a term in prison which may not be less than 5 years or more than life;
(B) a fine of not more than $2,000,000;
(C) a term of supervised release -- after the prison term -- of at least five years; and,
(D) a special assessment of $100, (18 U.S.C. Section 3013(a)(2)(A)).

Additionally, U.S. Sentencing Commission <u>Guidelines Manual</u> ("U.S.S.G.") Section 5E1.2 permits the Court to impose a fine that is enough to pay the costs of defendant Russell's incarceration and supervised release or other form of court-imposed supervision ordered as part of this sentence. Your client agrees to pay the $100 special assessment to Clerk of the Court of the U.S. District Court for the District of Columbia before sentencing.

2(a).    This plea agreement is made under Rule 11(c)(1)(C) of the Federal Rules of Criminal, which permits the parties to "agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines . . . does or does not apply (such a recommendation or request binds the court once the court accepts the plea agreement)." Fed.R.Crim.P. 11(c)(1)(C) (reflecting 2002 amendments). Under Rule 11(c)(1)C), the Government agrees to present this plea agreement and its proposed disposition to the Court for its approval. If the Court accepts the plea agreement with the parties' agreed sentencing range, then the Court will embody this plea agreement's disposition in the judgment and sentence, as Rule 11(c)(4) provides. The parties understand, however, that in light of other factors, the Court can disagree that such a sentence is an appropriate one and can reject the plea agreement, as Rule 11(c)(5) provides. If that happens, in keeping with Rule 11(c)(5), your client understands that the Court will inform the parties that it rejects the plea agreement, and it will afford your client an opportunity to withdraw his guilty plea. If your client persists in the guilty plea, the Court will inform your client that a final disposition may be less favorable to your client than that contemplated by this agreement.

(b)    In this case, under Rule 11(c)(1)(C), the parties agree that the specific sentencing range that is the appropriate disposition of the case is a sentence of 120 months in prison, no fine, a term of supervised release of five years, and the $100 special assessment.

(c)    The Government agrees to this sentence range under Rule 11(c)(1)(C) only with regard to conduct that occurred before your client's guilty plea in Court. Should your client commit any conduct after that date that would form the basis for an increase in your client's base offense level or justify an upward departure (examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer or Court), this agreement permits the Government to seek an increase in the sentencing range based on that post-plea conduct. If this occurs, and the Government asks the Court to do so, then your client will not be entitled to withdraw his plea.

(d)    Your client knows that the Court could order your client to serve any sentence in this case consecutively to any other sentence he may have to serve. This is particularly possible because your client admits that when arrested for the offense to which he is pleading guilty, he was on

Rev. 1/18/05 daj                                    2

probation after conviction for another offense in the State of Virginia.

    3.    In entering this guilty plea, your client understands he is waiving certain rights afforded him by the U.S. Constitution or by statute. Your client understands that the Fifth Amendment to the U.S. Constitution states that he may not be compelled in any criminal case to be a witness against himself. By entering this guilty plea, your client knowingly and voluntarily waives this right because he will admit under oath that he did the acts making out the crime to which he is pleading guilty. Your client also understands that by pleading guilty he gives up his rights:

> (1) to have an indictment returned against him after his arrest within the time set forth in the Speedy Trial Act, 18 U.S.C. Sections 3061, *et seq.*;
> (2) to be tried to a jury or a judge sitting without a jury;
> (3) to be assisted by an attorney at trial;
> (4) to confront and cross-examine witnesses against him;
> (5) to challenge the admissibility of the evidence against him;
> (6) to testify in his own behalf and to present witnesses at trial in his behalf;
> (7) to appeal any rulings made by the trial court in this case, except those concerning whether any sentence in this case was lawfully imposed; and,
> (8) to be prosecuted by grand jury indictment on the felony charge to which he is pleading guilty; instead, your client agrees to plead guilty to a criminal information.

By signing this letter below, your client states that he understands the rights that he is waiving, that he has discussed what this means with his attorney, and that he freely waives them, knowing why he is doing so. Your client agrees further that should he ever move to withdraw this guilty plea, whatever other consequences it may have, this paragraph and his signature on this document may be used to show that he made an informed and voluntary decision to plead guilty.

    4.    Your client specifically admits certain facts as true when pleading. He agrees that his plea is proof of each fact beyond a reasonable doubt and that the government separately can prove each fact is true beyond a reasonable doubt. These facts are:

The events in this case took place shortly after 1:30 in the afternoon of Wednesday, May 25, 2005, near 75 New York Avenue, N.E. The events began with sworn Metropolitan Police Department (MPD) officers observed a black Chevrolet Camaro, with three males inside the automobile, traveling southbound in the 1400 Block of First Street, N.E. The MPD officers observed the driver of the automobile operating the automobile without his seatbelt fastened. The MPD officers conducted a traffic stop at 75 New York Avenue, N.E. The officers also learned through a WALES check that the license tags to the Camaro were registered to another automobile.

Once the Camaro was stopped, the front passenger exited the automobile and stated "man you stupid." The MPD officers requested the defendant, Reginald Russell, to exit from the rear passenger seat of the automobile, which he did. The defendant stood near the passenger side door of the automobile, and was asked questions by the MPD officers. The MPD officers, while speaking

to the defendant noticed three plastic bags on the ground, inches from the defendant's feet.

MPD officers retrieved the plastic bags, and two contained a white rock-like substance. The third bag contained approximately 2 orange pills. The defendant was arrested and search incident to arrest revealed $2,200.00 in U.S. Currency in the defendant's right front pants pocket.

The white rock-like substance was sent to the DEA Mid-Atlantic Laboratory for analysis. On or about June 9, 2005, the DEA chemist assigned to this case determined that the white-rock-like substance was cocaine base, and weighed 56 grams. The defendant specifically admits he possessed with intent to distribute the type of crack cocaine base known on the street as "crack."

      (b)     Should your client ever be allowed to withdraw his plea on any ground other than that the sentence was not imposed according to Rule 11(c)(1)(C), your client agrees that the government will be allowed to use against your client at any future trial or at sentencing the admissions and acknowledgments made during the course of his plea hearing. Your client's agreement to this provision is one of the reasons that the government is willing to enter into a plea agreement under Rule 11(c)(1)(C). If your client is allowed to withdraw this plea because the sentence was not imposed according to Rule 11(c)(1)(C), then the government will not be able to use at any trial the statements made in the course of the plea hearing.

      5.     Your client agrees that the Court shall order that he be held without bail pending sentencing, under 18 U.S.C. Section 3143.

      6.     Your client further understands and agrees that he may not withdraw the guilty plea entered under this agreement if the sentence imposed is 120 months, no fine, and a term of supervised release of five years, plus the $100 special assessment. Such a motion to withdraw shall breach this agreement. Your client may withdraw his guilty plea only if the sentence is not as agreed to under Rule 11(c)(1)(C).

      7.     Your client consents to the administrative forfeiture, official use, and/or destruction by any law enforcement agency of the money and drugs that police seized in this case.

The Government's Obligations and Acknowledgments:

      8(a).    In return for your client's entry of a plea of guilty to the felony drug crime set forth in the criminal information, this Office agrees that the appropriate disposition of this case is that set forth above under Rule 11(c)(1)(C).

      (b)     Further, this office will not prosecute further your client, under either District of Columbia or federal law, for any other offense arising out of his arrest on May 25, 2005.

      (c)     The Government will not file with the Court any information under 21 U.S.C. Section 851 that would authorize a sentencing enhancement because he previously has been convicted of a

felony drug crime.

9. Except as agreed above under Rule 11(c)(1)(C) above, this Office otherwise reserves its full right of allocution at sentencing in this matter. Although the Government will recommend a period of incarceration of 120 months, we reserve the right to full allocution in any post-sentence litigation to defend the Court's ultimate decision on any issue. Your client further understands that the Government retains its full right of allocution in connection with any post-sentence motion filed in this matter and in any proceedings before the Bureau of Prisons. In addition, your client acknowledges that the Government is not obligated and does not intend to file any downward departure sentencing motion under U.S.S.G. Section 5K1.1, 18 U.S.C. Section 3553(e), or any post-sentence downward departure motion under Rule 35 of the Federal Rules of Criminal Procedure. ***This agreement permits the government to defend at any time in any Court any ruling made by the trial court in this case, even if we initially have agreed not to ask the Court to make that ruling***.

General Provisions

10. This agreement only binds the U.S. Attorney's Office for the District of Columbia. It does not bind any other U.S. Attorney's Office or any other office or agency of the U.S. Government, nor any state or local prosecutor. These individuals, offices, and agencies remain free to prosecute your client for any offense(s) within their respective jurisdictions.

11. This letter sets forth the entire understanding between the parties and makes up the full plea agreement between your client and the government. Nothing in this agreement shall be construed as enlarging or broadening the government's obligations. This agreement supersedes all prior understandings, promises, agreements, or conditions, if any, between this Office and your client. There are no other agreements, promises, understandings, or undertakings between your client and the Government, and your client understands that there can be no valid addition or change to this agreement unless it is made on the record in open Court or in writing signed by both parties.

Sincerely yours,

*Kenneth L. Wainstein/DAJ*
KENNETH L. WAINSTEIN.
UNITED STATES ATTORNEY

BY: _____
ANTHONY SCARPELLI
Assistant United States Attorney

## DEFENDANT'S ACCEPTANCE

I have read this plea agreement and have discussed it with my attorney, Jenifer Wicks, Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offenses identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 7-30-05                                    _Reginald Russell_
                                                 Reginald Russell
                                                 Defendant


## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely set forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: 7/30/05                                    _Jenifer Wicks_
                                                 Jenifer Wicks, Esquire

Rev. 1/18/05 daj                                 6

## 21 U.S.C. Section 841(a)(1) and 841(a)(1)

## Unlawful Possession with Intent to Distribute 50 Grams or More of Cocaine Base

The essential elements of this offense, each of which the government must prove beyond a reasonable doubt, are:

1. That the defendant possessed a controlled substance, namely cocaine base, and the amount of cocaine base was 50 grams or more.

2. That the defendant possessed the controlled substance knowingly and intentionally. This means consciously, voluntarily and on purpose, not mistakenly, accidentally or inadvertently.

3. That when the defendant possessed the controlled substance he had the specific intent to distribute it. "Distribute" means to transfer or attempt to transfer to another person. The government need not prove that the defendant received or expected to receive anything of value in return.