UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Criminal No. 05-272 (CKK) |
| : | |
| REGINALD RUSSELL, : | |
| Defendant. : | |

## GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following memorandum to assist the Court in issuing an appropriate sentence in this case.

## FACTUAL BACKGROUND

The events in this case took place shortly after 1:30 p.m., on Wednesday, May 25, 2005, near 75 New York Avenue, N.E. At that time sworn Metropolitan Police Department (MPD) officers observed a black Chevrolet Camaro, with three males inside the automobile, traveling southbound in the 1400 Block of First Street, N.E. The MPD officers observed the driver of the automobile operating the automobile without his seatbelt fastened. The MPD officers conducted a traffic stop at 75 New York Avenue, N.E. The officers also learned through a WALES check that the license tags to the Camaro were registered to another automobile.

Once the Camaro was stopped, the front passenger exited the automobile and stated "man you stupid." The MPD officers requested the defendant, Reginald Russell, to exit from the rear passenger seat of the automobile, which he did. The defendant stood near the passenger side door

of the automobile, and was questioned by the MPD officers. The MPD officers, while speaking to the defendant, noticed three plastic bags on the ground, inches from the defendant's feet.

MPD officers retrieved the plastic bags, two of which contained a white rock-like substance. The third bag contained approximately 2 orange pills. The defendant was arrested. A search incident to arrest revealed $2,200.00 in U.S. Currency in the defendant's right front pants pocket.

The white rock-like substance was sent to the DEA Mid-Atlantic Laboratory for analysis. On or about June 9, 2005, the DEA chemist assigned to this case determined that the white-rock-like substance was cocaine base, and weighed 56 grams.

On August 29, 2005, the defendant pled guilty to a one-count indictment, charging him with Unlawful Possession with Intent to Distribute 5 Grams or More of Cocaine Base.[1] The plea was entered pursuant to Fed. R. Crim. Pro. 11(c)(1)(C), and the agreed upon sentence is 120 months incarceration.

I.   PLEA UNDER 11(c)(1)(C)

The Government is satisfied that the plea arrangement between the parties is appropriate and that the sentencing agreement between the parties is appropriate. In support of this plea, the government notes the following.

---

[1] As the Court may recall, during the plea colloquy, the defendant stated he was in the midst of purchasing 31 grams of cocaine base when he encountered the MPD officers. The government amended the information to reflect Unlawful Possession with Intent to Distribute 5 Grams or More of Cocaine Base.

    a.    <u>The Guidelines Calculation:</u>

The Government agrees with the calculation under the Federal Sentencing Guidelines that appears in the Pre-sentence Report. The Guideline range is 188 to 235 months of imprisonment.

    b.    <u>The Sentencing Agreed Upon is Appropriate:</u>

The United States and the defendant agree that the sentence arranged between the parties is appropriate. The government believes that if this case would have proceeded to trial, it would have been successful in prosecuting and convicting the defendant. However, there are certain legal issues with respect to proving the defendant possessed the cocaine that would have mostly likely caused a long, protracted process before this case would have been resolved. In all likelihood, the defendant would have appealed his conviction and raised legal issues which would have delayed the case coming to a final resolution.

As such, this plea is a more efficient use of the government's resources. This plea limits the defendant's appellate issues, and allows both the government and the Court to conserve resources. The defendant also accepted responsibility for his criminal actions. Finally, the defendant has been sentenced in Prince William County, Virginia, for violating his probation. He was sentenced to 20 years, with 7 years to run consecutive to the sentence the Court will impose.

WHEREFORE, for the foregoing reasons, the United States respectfully requests that the Court consider the government's memorandum and sentence the defendant to 120 months incarceration.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney

By:   ANTHONY SCARPELLI
      Bar No. 474711
      Assistant United States Attorneys
      555 4th Street, N.W.
      Washington, D.C. 20530
      (202) 353-1679

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this motion has been sent to Jenifer Wicks, Esquire, this the 16th day of November, 2005.

ANTHONY SCARPELLI
ASSISTANT UNITED STATES ATTORNEY