# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, Respondent, v. REGINALD M. RUSSELL, Defendant/Petitioner. | Criminal Action No. 05-00272-01 (CKK) <br> Civil Action No. 11-01925 (CKK) |

## MEMORANDUM OPINION
(December 12, 2011)

On August 29, 2005, Defendant Reginald M. Russell ("Russell"), acting pursuant to a written plea agreement made under Federal Rule of Criminal Procedure 11(c)(1)(C),[1] pleaded guilty to one count of unlawful possession with intent to distribute five grams or more of cocaine base, more commonly known as "crack," in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii). By the terms of his [15] Plea Agreement, Russell agreed to a sentence of 120 months' incarceration, no fine, a term of supervised release of five years, and the $100 assessment. On November 28, 2005, the Court accepted the parties' Plea Agreement and sentenced Russell to the agreed-upon sentence.

Currently before the Court is Russell's self-styled [22] "Motion Pursuant to 3582c and 2255," filed on October 12, 2011, through which Russell seeks a reduction of his sentence under 18 U.S.C. § 3582(c)(2) and 28 U.S.C. § 2255, citing a retroactive amendment to the United States Sentencing Guidelines lowering the base offense levels for most cocaine base offenses.

---

[1] Under the Rule, the Court is bound by the parties' agreement as to a specific sentence or sentencing range upon acceptance of a plea agreement. FED. R. CRIM. P. 11(c)(1)(C).

For two separate, independent reasons, Russell's Motion shall be DENIED.

First, where, as here, a defendant is sentenced pursuant to a plea agreement made under Rule 11(c)(1)(C), he may not avail himself of a subsequent reduction in the sentencing range under a retroactive amendment to the Guidelines unless the agreement itself expressly refers to or contemplates sentencing under the Guidelines. *Freeman v. United States*, __ U.S. __, 131 S. Ct. 2685, 2695-97 (Sotomayor, J., concurring).[2] Russell's Plea Agreement neither refers to nor contemplates sentencing under the Guidelines. It does not, for instance, mention a particular calculation, offense level, or criminal history category. Therefore, he may not avail himself of the reduction in the base offense levels for cocaine base offenses brought about by the amendment to the Guidelines.

Second, where the application of a retroactive amendment to the Guidelines does not result in a different Guidelines sentencing range, the defendant is not entitled to a reduction in his sentence. *See United States v. Berry*, 618 F.3d 13, 17 (D.C. Cir. 2010) ("Section 1B1.10(a)(2)(B) of the Guidelines prohibits sentence modifications under § 3582(c)(2) if a retroactive Guidelines amendment 'does not have the effect of lowing the defendant's applicable guideline range.'") (quoting U.S.S.G. § 1B1.10(a)(2)(B)); *see, e.g., United States v. Lindsey*, 556 F.3d 238, 244 (4th Cir.), *cert. denied*, __ U.S. __, 130 S. Ct. 182 (2009); *United States v. Lanier*, 574 F.3d 668, 673 (9th Cir. 2009). In this case, Russell's prior convictions for drug trafficking offenses made him a "career offender" under Section 4B1.1 of the Guidelines, leaving the

---

[2] In the absence of a majority opinion or a shared rationale adopted by a majority, Justice Sotomayor's opinion sets forth the holding in *Freeman* because it represents the narrowest grounds for the result. *United States v. Turner* __ F. Supp. 2d __, 2011 WL 5865490, at *5 (D.D.C. Nov. 21, 2011); *accord United States v. Brown*, 653 F.3d 337, 340 n.1 (4th Cir. 2011).

applicable sentencing range unaffected by the amendment. Therefore, he may not avail himself of the reduction in the base offense levels for cocaine base offenses brought about by the amendment to the Guidelines. *See Berry*, 617 F.3d at 17-18 ("Because [the amendment] does not lower the career-offender range, [the defendant] is ineligible for a sentence reduction if this is his 'applicable guideline range.'").

For either of the foregoing reasons, Russell's Motion must and shall be DENIED. The Court has considered the remaining arguments tendered by the parties and finds them to be without merit or superfluous in light of the Court's reasoning above.

Furthermore, to the extent Russell's Motion arises under 28 U.S.C. § 2255, "reasonable jurists" could not debate whether the Motion should have been resolved differently or that the issues merit further consideration. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, and because Russell has failed to make a substantial showing of the denial of a constitutional right, no certificate of appealability shall issue from this Court. *See* 28 U.S.C. § 2253(c)(2); Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 11(a).

An appropriate Order accompanies this Memorandum Opinion.

Date: December 12, 2011

　　　　　　　　　　　　　　　　　　　　　　　／s／ Colleen Kollar-Kotelly
**COLLEEN KOLLAR-KOTELLY**
United States District Judge